RE: PROFESSIONAL LEAVE
YOU HAVE MADE INQUIRY TO THIS OFFICE AS TO WHETHER EMPLOYEES OF YOUR DEPARTMENT MAY ATTEND MEETINGS OF THE OKLAHOMA PUBLIC EMPLOYEES ASSOCIATION WITH PAY FOR UP TO THREE (3) DAYS A YEAR.
THE RELEVANT STATUTE IS FOUND IN THE OKLAHOMA PERSONNEL ACT IN TITLE 74 O.S. 841.20 OF THE OKLAHOMA STATUTES. THE ACT AS REVISED IN 1989, AND IT ENTITLES PERMANENT CLASSIFIED OR UNCLASSIFIED EMPLOYEES TO TAKE LEAVE WITH PAY NOT TO EXCEED THREE (3) DAYS A YEAR TO ATTEND MEETINGS OF JOB RELATED PROFESSIONAL ORGANIZATIONS OF WHICH THE EMPLOYEE IS A MEMBER.
THE STATUTE DEFINES "JOB RELATED ORGANIZATION" TO MEAN "A MEMBERSHIP ASSOCIATION WHICH COLLECTS DUES, CONDUCTS ANNUAL MEETINGS AND PROVIDES JOB — RELATED EDUCATION FOR ITS MEMBERS AND WHICH INCLUDES STATE EMPLOYEES."
THE STATUTE PROHIBITS THE LEAVE TO BE USED FOR LOBBYING ACTIVITIES, INCLUDING THE LOBBYING OF THE LEGISLATIVE OR EXECUTIVE BRANCH, ELECTED OFFICIALS WITHIN STATE-OWNED OR LEASED BUILDINGS.
YOUR QUESTION INQUIRES AS TO A SPECIFIC ASSOCIATION, NAMELY THE OKLAHOMA PUBLIC EMPLOYEES ASSOCIATION (O.P.E.A.). THE DETERMINATION OF WHETHER O.P.E.A. IS A "JOB RELATED ORGANIZATION" REQUIRES A FACTUAL DETERMINATION WHICH IS BEYOND THE SCOPE OF THIS OPINION. TO MAKE SUCH A DETERMINATION YOU WOULD NEED TO DETERMINE IF IT COLLECTS DUES, CONDUCTS ANNUAL MEETINGS AND PROVIDES JOB RELATED EDUCATION FOR ITS MEMBERS, AND THAT ITS MEMBERSHIP INCLUDES STATE EMPLOYEES. THE STATUTE REQUIRES THE EMPLOYEE TO RECEIVE PERMISSION FROM THE APPOINTING AUTHORITY, AND ANY DENIAL OF AUTHORIZATION BY THE APPOINTING AUTHORITY MUST BE IN WRITING WITH REASONS. THIS WOULD SUGGEST THE LEGISLATURE'S INTENT THAT SUCH LEAVE BY NUMEROUS EMPLOYEES AT THE SAME TIME NOT BECOME BURDENSOME UPON THE ADMINISTRATION OF YOUR AGENCY.
PLEASE NOTICE ALSO THAT THE STATUTE APPEARS TO DISTINGUISH BETWEEN QUALIFYING AGENCIES AND THE ACTUAL USE OF THE LEAVE WITH PAY. FOR EXAMPLE, IF YOUR FACTUAL DETERMINATION RESULTS IN A FINDING THAT O.P.E.A. QUALIFIES AS A JOB RELATED ORGANIZATION" YOU SHOULD ALSO DETERMINE THAT THE ACTUAL LEAVE TIME REQUESTED IS NOT TO BE FOR PROHIBITED LOBBYING ACTIVITY. THUS, IT WOULD APPEAR TO BE LAWFUL FOR A MEMBER OF A QUALIFYING "JOB-RELATED ORGANIZATION" TO ATTEND A JOB RELATED EDUCATIONAL MEETING OR BUSINESS MEETING OF THE ORGANIZATION WITH PAY, BUT BE DENIED THE USE OF LEAVE WITH PAY FOR TIME USED IN PROHIBITED LOBBYING ACTIVITIES. PLEASE NOTE FURTHER, THAT THE FACT THAT AN ORGANIZATION MAY CONDUCT LOBBYING ACTIVITIES DOES NOT DISQUALIFY THE ORGANIZATION FROM BEING A "JOB RELATED ORGANIZATION," BUT RATHER SUCH ACTUAL LOBBYING TIME MAY NOT BE AUTHORIZED FOR LEAVE WITH PAY FOR AN INDIVIDUAL EMPLOYEE.
THE OFFICE OF PERSONNEL MANAGEMENT HAS ADOPTED AN ADMINISTRATIVE RULE TO IMPLEMENT THIS STATUTE. PLEASE REFER TO MERIT RULE 6.5 EFFECTIVE JUNE 15, 1990. THE SUBSTANCE OF THE RULE IS ESSENTIALLY THE SAME AS THE UNDERLYING STATUTE AND THE ABOVE COMMENTS ARE CONSISTENT WITH IT.
YOU MAY ALSO CONSIDER AND REQUEST THE ADVISE OF THE OFFICE OF PERSONNEL MANAGEMENT IN THIS MATTER. PURSUANT TO 74 O.S. 840.5 OF THE OKLAHOMA PERSONNEL ACT IT IS CHARGED WITH THE DUTY TO ASSIST STATE AGENCIES IN IMPLEMENTING THEIR DUTIES AND OBLIGATIONS PURSUANT TO THE ACT, AND TO ESTABLISH LEAVE REGULATIONS. ALSO, OPM IS KNOWLEDGEABLE AS TO THE LEGISLATIVE HISTORY OF THE "JOB-RELATED PROFESSIONAL LEAVE" STATUTE, AND IT HAS ASSISTED OTHER AGENCIES IN THE RESOLUTION OF SIMILAR FACTUAL INQUIRIES. IF YOU CHOOSE TO DISCUSS THIS WITH OPM, I SUGGEST YOU TALK WITH MR. X.
(JOHN CRITTENDEN)